IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREWS MCMEEL PUBLISHING, LLC, | ) ) ) | |
| Plaintiff/Defendant, | ) ) | Case No. 11-0419-CV-W-HFS |
| v. | ) ) ) | Case No. 11-0816-CV-W-HFS |
| PUBLICATIONS INTERNATIONAL, LTD., | ) ) ) | |
| Defendant/Plaintiff. | ) | |

**ORDER**

Publications International, Ltd., defendant in Case No. 11-0419 and plaintiff in Case No. 11-816, has moved to transfer these actions to the Southern District of New York (ECF Doc. 13, 38). Andrews McMeel Publishing, LLC, plaintiff and defendant in the respective cases, opposes transfer. Having considered the matter, the court will deny the motion.

PIL seeks transfer under 28 U.S.C. § 1404(a),[1] which gives district courts discretion to transfer civil actions "[f]or the convenience of parties and witnesses, in the interest of justice." AMP filed its complaint in this district on April 20, 2011 and provided a courtesy copy to PIL's counsel before effectuating service on May 20. After it received a copy of AMP's complaint, PIL filed its

---

[1] PIL recites both 28 U.S.C. § 1404(a) and Federal Rule of Civil Procedure 42(a) as the basis of its request. However, Rule 42(a) pertains to consolidation of actions. PIL refers to these two actions as consolidated, states that the parties have tentatively agreed to so stipulate, and indicates that the parties intended to file something to that effect. No such motion has been filed, and I will not order consolidation without the parties' request.

complaint in the Southern District of New York. Both actions concern pocket sized puzzle books that each party publishes, and the complaints allege infringement of trade dress rights and trademark.

AMP filed a motion in the New York case asking that the case be dismissed for improper venue or transferred to this court. By order dated August 15, Judge Castel of the Southern District of New York transferred PIL's action to the Western District of Missouri so that this court could determine which forum is appropriate to hear both cases. PIL's motion to transfer followed.

Transfer to another district under Section 1404(a) is possible only if the action could have been brought in the proposed district. AMP argues that PIL could not have brought the state common law claims of trademark infringement included in its complaint because it was not registered to do business in New York at the time PIL filed its federal court action. PIL asserts that it is now in good standing and active with New York's Department of State, and that it has cured any jurisdictional defect. The record does not contain evidence from which I can make this determination. Assuming for the purposes of this motion that PIL could have brought its action in the Southern District of New York, PIL now has the burden to overcome the considerable deference afforded to AMP's choice of forum and prove that transfer is appropriate. Janson v. Legalzoom.com, Inc., 727 F. Supp. 2d 782, 785 (W.D. Mo. 2010). In considering PIL's motion to transfer, this court is to "weigh any 'case-specific factors' relevant to convenience and fairness" when considering whether transfer is warranted. In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010) (citations omitted).

PIL asserts that many convenience factors are neutral as between Missouri and New York, but that the location and convenience of non-party witnesses make New York the appropriate forum. AMP vigorously contests the first statement, pointing to a factual misstatement in PIL's brief

concerning the party's respective positions on which state is most convenient.[2] Aside from arguing in favor of non-party witness availability, PIL has demonstrated no way in which New York is more convenient to either party. It is logical that the evidence related to AMP's books is located in Missouri, where its corporate offices are and where defendant Hugh Andrews and witness Melville reside. Indeed, PIL asserts in its complaint that Hugh Andrews is an owner of AMP, is responsible for AMP's day-to-day operations, and personally directed the acts PIL alleges are infringing.

As for non-party witnesses, PIL has not identified individual witnesses – in New York or elsewhere – who will provide testimony about relevant factual or legal issues. It has not stated what evidence or testimony will indeed be necessary for this court to consider when applying the controlling law to the facts. Accordingly, PIL has not met its burden to demonstrate that New York is an appropriate or more convenient forum.

PIL's motion to transfer these actions to the Southern District of New York (ECF Doc. 13 in Case 11-419, Doc. 38 in Case 11-816) is DENIED.

SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

October  21 , 2011

Kansas City, Missouri

---

[2]PIL writes: "As AMP has previously conceded, litigation in New York is more convenient for PIL." AMP states: "AMP previously argued that 'Clearly, Kansas City would be more convenient for AMP and Mr. Andrews. Chicago would be more convenient for PIL. New York is not convenient for either party."

3